UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MICHAEL BAGETTA,

                Plaintiff,                Case No. 1:07-cv-267

v.                                              Honorable Richard Alan Enslen

PATRICIA L. CARUSO et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the $350.00 filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because the relief requested is not properly bought as a § 1983 action and Plaintiff fails to state a claim.

**Discussion**

     I.     Factual allegations

Plaintiff is currently incarcerated at the Earnest C. Brooks Correctional Facility (ECF). He sues Michigan Department of Corrections (MDOC) Director Patricia Caruso, the Chairman of the Parole Board John S. Rubitschun, and the members of the parole board including Barbara Sampson, Marianne Samper, James Atterberry, Miguel Berrios, Enid Livingston and three unnamed members. Plaintiff has been in the custody of the MDOC since 2003 and was transferred to ECF in April 2005. Plaintiff pleaded guilty to insurance fraud and embezzlement and was sentenced on March 14, 2003, to a term of 2-4 years imprisonment for the insurance fraud and 2-5 years imprisonment for the embezzlement. After Plaintiff served the two year minimum, he had a parole hearing in January 2005. His parole was denied in February 2005, which resulted in Plaintiff serving an additional twelve (12) months of his sentence. Complaint at 9, docket #1. Plaintiff had another parole hearing in February 2006 and parole was again denied in March 2006. *Id*. at 10.

Plaintiff claims that the parole board considered false information at his parole hearing and, as a result of that false information, determined not to grant Plaintiff parole. This information included that Plaintiff had been involved in "felony assaultive crimes" and that Plaintiff had a "history of substance abuse which is of long standing duration." Compl. at 21, 28. Plaintiff further asserts that the parole board failed to acknowledge the validity of his high school diploma, which was verified by the United States Military. *Id*. at 33. By considering this information and not giving Plaintiff parole, Plaintiff asserts that his due process rights under the Fifth and Fourteenth Amendments were violated. *Id*. at 18-19. By not being granted parole, Plaintiff asserts that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights. *Id.* at 18.

Plaintiff seeks injunctive, declaratory and monetary relief. Plaintiff requests the following remedies: (1) a finding that his rights were violated; (2) a "preliminary and permanent injunction" requiring Defendants to release Plaintiff on parole; (3) a determination that his high school diploma is authentic; (4) compensatory damages of $10,000.00 awarded jointly and severally against all Defendants; (5) punitive damages of $10,000.00 awarded against each Defendant; (6) reimbursement of all Plaintiff's costs incurred in pursuing this matter; (7) a jury trial; and (8) appointment of counsel if this matter proceeds to trial. Compl. at 37 - 38.

II.     Plaintiff's claims are not cognizable as a § 1983 action

Plaintiff claims that he was unreasonably denied parole based on factors which did not properly consider the non-violent nature of his crimes, his education and his behavior while incarcerated. His request for release on parole is a challenge to the duration of his confinement. *See Dotson v. Wilkinson*, 300 F.3d 661, 665 (6th Cir. 2002) (distinguishing between challenge to the denial of parole and challenge to parole eligibility procedures). A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Dotson*, 300 F.3d at 665 (Clearly, the decision to grant a prisoner parole affects the duration of that prisoner's sentence, and a challenge to the decision is not cognizable under §1983.); *Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of

confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). Accordingly, to the extent Plaintiff's claims challenge the duration of his sentence, those claims should be dismissed.

### III.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A.    Procedural Due Process

Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Wilkinson v. Austin,* 545 U.S. 209, 221 (2005); *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see*

*Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the Parole Board. *See Allen*, 482 U.S. at 373-75. In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In numerous cases, this Court has reviewed Michigan law and has found a complete absence of mandatory language or the imposition of substantive predicates restricting the Parole Board's discretion. Michigan statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result. *See* MICH. COMP. LAWS §§ 791.233b, .234, .235. No statutory provision requires parole for any eligible prisoner under any circumstances. The statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(9).[1]

Relying upon these provisions of Michigan law, the Sixth Circuit Court of Appeals has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). In unpublished decisions following *Sweeton*, the Sixth Circuit has repeatedly held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th

---

[1] The Michigan parole statutes have been amended several times in recent years. The statutory citations contained above are to the present codification of the parole law. None of the recent amendments are material to the issues now before the court. Release on parole has always been discretionary under Michigan law.

Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

Furthermore, Plaintiff's related allegation that Defendants relied on false information to deny his parole also fails to state a claim. Assuming that the parole board did rely on false information, Plaintiff's claim does not present any constitutional violation. *See Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Because Plaintiff has no liberty interest in being paroled, Plaintiff cannot show that the false information was relied upon to a constitutionally-significant degree. *See Maiden v. Johnson*, No. 98-1479, 1999 WL 507027, at *1-2 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263,

1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999); *Perotti v. Marshall*, No. 85-3776, 1986 WL 16695, at *1-2 (6th Cir. Mar. 14, 1986). Therefore, Plaintiff fails to state a claim for a violation of his procedural due process rights.

### B.   Substantive Due Process

Plaintiff argues that, regardless of the existence of any liberty interest protected by procedural due process, he has been denied substantive due process by the denial of his parole by the Parole Board. To the extent that Plaintiff argues a violation of state law, such a claim is not cognizable in a federal habeas corpus action. A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988) (citations omitted).

To the extent that Plaintiff presents a federal constitutional claim, his claim is without merit. Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, religion, or political beliefs, or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Block v. Potter*, 631 F.2d 233, 236 n. 2 (3d Cir. 1980), Plaintiff does not present any such allegations here. *See Mayrides v. Chaudhry*, 43 F. App'x 743, 746 (6th Cir. 2002) (considering substantive due process claim in context of parole). In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Plaintiff must show that the Parole Board's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Hampton v. Hobbs,* 106 F.3d 1281, 1288 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995). Clearly, in this case, it cannot be said that the actions of the Michigan Parole Board in continuing to deny Plaintiff release on parole either shock the conscience or constitute an "egregious abuse of governmental

power." *Id.* Plaintiff's sentence was imposed for one count of insurance fraud and one count of embezzlement. In addition to those sentences, Plaintiff has four other active sentences. Plaintiff's other active sentences include two sentences for obtaining money by false pretenses, one for cashing a check on a closed account and one for escape from prison.[2] In concluding that Plaintiff continues to represent a risk to society if released, the Parole Board cannot reasonably be considered to have committed an egregious abuse of governmental power. Consequently, Plaintiff has failed to state a claim for a violation of his substantive due process rights.

### C. Eighth Amendment

The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). The Eighth Amendment, however, does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

In the instant case, the Court notes at the outset that the Eighth Amendment claim is factually baseless. The parole board did not issue a sentence. Rather, the Defendants merely declined

---

[2]This information was obtained from a Parole Eligibility Report provided by Plaintiff and the Michigan Offender Tracking Information System which can be accessed at:
http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=117646.

to extend parole to Plaintiff when he was eligible. *See Preston v. Hughes*, No. 97-6507, 1999 WL 107970, at *2 (6th Cir. Feb. 10, 1999). Moreover, assuming Defendants' decision may be considered the imposition of punishment, Plaintiff's sentence falls within the maximum allowed by statute. Therefore, Plaintiff's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment. *Austin*, 213 F.3d at 302.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed because the relief requested is not properly bought at a § 1983 action and, even if the action were appropriate, Plaintiff files to state a claim pursuant to 28 U.S.C. § 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: June 13, 2007            /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).